Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>    Debtor and Debtor in Possession. | Case No.  8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:23-ap_____-SC |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>        Plaintiff,<br>-vs-<br><br>RAYSHON ANDREW FOSTER, an individual, SONJA FOSTER, an individual, ADVANCE REAL ESTATE & CONSTRUCTION SOLUTIONS, CORPORATION, and DOES 1-10,<br><br>        Defendants. | **COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;**<br>2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(1);**<br>4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>5) **AVOIDANCE OF PREFERENTIAL TRANSFERS;**<br>6) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and**<br>7) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

The Official Committee of Unsecured Creditors of the bankruptcy estate of 2ND Chance Investment Group, LLC ("Debtor"), and Plaintiff in this adversary proceeding ("Committee" or "Plaintiff"), respectfully alleges as follows:

## I.    SUBJECT MATTER JURISDICTION AND VENUE

1.    This adversary proceeding arises in and relates to the Debtor's pending chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC ("Bankruptcy Case").

2.    On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3.    This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334.

4.    This action is a core proceeding under 28 U.S.C. § 157(b).  Pursuant to Federal Rule Bankruptcy Procedure 7008, Plaintiff consents to the Bankruptcy Court entering final a judgment and/or order.

5.    This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because the Bankruptcy Case is pending in the Central District of California.

6.    To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set forth hereinafter under California or other applicate state or federal law.

## II.    THE PARTIES

7.    Plaintiff was appointed as the Creditors' Committee on February 6, 2023.

8.    Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, Plaintiff is the representative of the bankruptcy estate whose authority, subject to limitations not relevant to the claims stated herein, includes, but is not limited

1  to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510,

2  544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy

3  law.  Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and

4  objections to claims in the Bankruptcy Case.

5       9.      Plaintiff brings this action solely for the benefit of the estate and its creditors in the

6  Bankruptcy Case.

7       10.     By virtue of Plaintiff consisting of a committee of creditors of the Debtor, Plaintiff

8  may not have personal knowledge of many of the facts alleged in this Complaint and, therefore,

9  where appropriate, alleges certain facts on information and belief.  Plaintiff reserves its right to

10  amend this Complaint to allege additional claims against the Defendants (defined below) and to

11  challenge and recover transfers made to or for the benefit of the Defendants in addition to those

12  transfers alleged in the Complaint.

13       11.     On and before the Petition Date, and continuing to the present, Defendant Advance

14  Real Estate and Construction Solutions, Corporation ("Advance"), is a California corporation in

15  good standing, with its principal address being 12812 Clemson Dr., Eastvale, CA 92880.

16       12.     Advance was formed in December 2017.

17       13.     Defendant Rayshon Andrew Foster ("R. Foster") is an individual and according to

18  the Debtor's List of Equity Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of

19  54] is the sole member of the Debtor and at all times was a person in control of the Debtor.

20       14.     Sonja Foster ("S. Foster") is the spouse of R. Foster (together, the "Fosters") and at

21  all times relevant to this Complaint, was a person in control of the Debtor.

22       15.     Advance and the Fosters shall from hereon, at times, collectively be referred to as

23  the "Defendants."

24                           **III.   GENERAL ALLEGATIONS**

25       16.     The allegations contained in paragraphs 1-15, inclusive, are re-alleged and

26  incorporated herein by this reference, as though set forth in full.

27       \\\

28

**A.    Fraudulent Transfers Made From Assets of the Debtor to and for the Benefit of Defendants.**

17.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to or for the benefit of R. Foster in the aggregate amount of at least $1,789,618.48 ("Rayshon Transfers").

18.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to S. Foster in the aggregate amount of at least $110,766 ("Sonja Transfers").

19.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to Advance in the aggregate amount of at least $162,500 ("Advance Transfers").

20.    Plaintiff is informed and believes that, in addition to the Rayshon Transfers and the Sonja Transfers, between April 23, 2022 and April 27, 2022, R. Foster and S. Foster physically received $100,000 in cash from a buyer of the real property commonly known as 349 Brewery Way, Big Bear City, CA 91314 ("Big Bear Property"), that was sold by Debtor to said buyer in or around April 2022 ("Concealed Cash Transfer").

21.    Upon information and belief, the Concealed Cash Transfer was made in person at the residence of the Fosters, with both of the Fosters present and participating in the transaction.

22.    The Debtor's sale of the Big Bear Property was primarily handled by S. Foster.

23.    On information and belief, while both of the Fosters were present, R. Foster physically took possession of the $100,000 delivered to R. Foster on behalf of the buyer.

24.    Upon further information and belief, the sale price set forth in the documents relating to Debtor's sale of the Big Bear Property understated the actual sales price, to hide the Fosters' embezzlement of the Concealed Cash Transfer and their fraud on Debtor's creditors in receiving the Concealed Cash Transfer.

25.    The Rayshon Transfer, Sonja Transfers and Advance Transfers were transfers of money from the Debtor's operating bank account maintained with East West Bank, ending in account number 4577.

26.    The Rayshon Transfers, Sonja Transfers, Concealed Cash Transfer and the Advance Transfers shall collectively, at times, be referred to as the "Transfers".

27. An itemized listing of the Rayshon Transfers with details, describing the salient aspects of each individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

28. An itemized listing of the Sonja Transfers, describing the salient aspects of each individual transfer, is attached hereto as **Exhibit "2"** and is incorporated herein.

29. An itemized listing of the Advance Transfers, describing the salient aspects of each individual transfer, is attached hereto as **Exhibit "3"** and is incorporated herein.

30. The Transfers were made for the benefit of the Fosters.

31. Plaintiff is informed and believes that, during the four years leading up to the Petition Date, the Fosters caused the Debtor to make the Transfers for their personal benefits and not for any legitimate business purpose of the Debtor. For example, the Rayshon Transfers include payments made to the Montessori School of Chino Hills for tuition, to Mercedes Benz Financial Services at a time when Debtor had no contract with Mercedes Benz Financial Services, to the jeweler Ben Bridge, and to Porsche Financial Services at a time when Debtor had no contract with Porsche Financial Services.

32. Plaintiff is informed and believes the Debtor owed no debt to the foregoing payees listed in paragraph 29 at the time of the Rayshon Transfers.

33. Defendants intended to conceal their improper Transfers from Debtor's legitimate creditors. For example, certain of the Rayshon Transfers were transfers of money made with checks made payable to "Advance Solutions."

34. According to filings with the California Secretary of State, Advance Solutions Co. is a former California corporation associated with R. Foster that was terminated on October 14, 2008.

35. Plaintiff is informed and believes that the Transfers were intended to disguise the Fosters' plan to strip the Debtor of its assets and hide the value of those assets or money under third party names, to defraud, hinder, delay and avoid paying Debtor's genuine creditors.

36. The vast majority of the Transfers are cash withdrawals or checks drawn on Debtor's bank account to R. Foster, signed by R. Foster. Most of these checks included no memo explaining the purpose for such transfers, in further effort to conceal the improper nature of the

1  Rayshon Transfers.

2       37.    Upon information and belief, at all times relevant to this Complaint, creditors of the

3  Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the

4  Bankruptcy Code) existed that could have avoided the Transfers described herein under applicable

5  state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq.*

6  **FIRST CLAIM FOR RELIEF**

7  **(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code**

8  **§§ 3439.04(a)(2), 3439.05 Against All Defendants)**

9       38.    Plaintiff realleges and incorporates herein by reference each and every allegation

10  contained in paragraphs 1 through 37 as though set forth in full.

11       39.    The Transfers were transfers of the Debtor's property made within four (4) years of

12  the Petition Date to the Defendants in the amounts set forth respectively in Exhibits 1 through 3

13  and were made for the benefit of the Fosters.

14       40.    When the Transfers were made, the Debtor was aware of its mounting debts.

15       41.    The Debtor received less than reasonably equivalent value in exchange for the

16  Transfers and in fact received no value for the Transfers.

17       42.    The Debtor was insolvent when the Transfers were made or it became insolvent as

18  a result of the Transfers.

19       43.    At the time the Transfers were made, the Debtor intended to incur, or believed that

20  it would incur, debts beyond its ability to pay as such debts matured.

21       44.    The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§

22  3439.04(a)(2), 3439.05.

23  **SECOND CLAIM FOR RELIEF**

24  **(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All**

25  **Defendants)**

26       45.    Plaintiff realleges and incorporates herein by reference each and every allegation

27  contained in paragraphs 1 through 44 as though set forth in full.

28       46.    The Transfers were transfers of the Debtor's property.

1      47.    As reflected in Exhibit 1, of the Rayshon Transfers, forty-two (42) transfers

2 totaling $336,892.20 were made within two (2) years of the Petition Date to R. Foster or for the

3 benefit of the Fosters.

4      48.    As reflected in Exhibit 2, three (3) of the Sonja Transfers totaling $95,966.35 were

5 made within two (2) years of the Petition Date and were paid directly to S. Foster, for the benefit

6 of the Fosters.

7      49.    The Advance Transfers were all made within two (2) years of the Petition Date to

8 Advance and for the benefit of the Defendants.

9      50.    When the subset of the Transfers described in the preceding three paragraphs were

10 made (the "Two-Year Transfers"), the Debtor was aware of its mounting debts.

11      51.    Debtor received less than reasonably equivalent value in exchange for the Two-

12 Year Transfers.

13      52.    Debtor was insolvent when the Two-Year Transfers were made or became

14 insolvent as a result of the Two-Year Transfers.

15      53.    At the time the Two-Year Transfers were made, the Debtor intended to incur, or

16 believed that it would incur, debts beyond its ability to pay as such debts matured.

17      54.    The Two-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

18 **THIRD CLAIM FOR RELIEF**

19 **(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code**

20 **§§ 3439.04(a)(1) Against All Defendants)**

21      55.    Plaintiff realleges and incorporates herein by reference each and every allegation

22 contained in paragraphs 1 through 54 as though set forth in full.

23      56.    The Uniform Fraudulent Transfer Act provides, inter alia, that a transfer is

24 fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the

25 transfer with the actual intent to hinder, delay, or defraud any creditor. (*See* California Civil Code

26 §3439.04 California Civil Code §3439.04(a)(1).)

27      \\\

28

57. As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

58. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date. The Transfers were made to the Defendants on the dates and in the amounts reflected on Exhibits 1 through 3.

59. The Transfers were all made for the benefit of the Fosters.

60. The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors and were payments made improperly to enrich the Fosters at the expense of the Debtor's legitimate creditors.

61. Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

**FOURTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1),**

**Against All Defendants)**

62. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 61 as though set forth in full.

63. Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

64. The Two-Year Transfers were transfers of the Debtor's property made within two (2) years of the Petition Date to or for the benefit of the Defendants.

65. The Two-Year Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

66.     Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Two-Year Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

**FIFTH CLAIM FOR RELIEF**

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547 Against All Defendants)**

67.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 66 as though set forth in full.

68.     The Fosters are statutory insiders of the Debtor.

69.     Of the Rayshon Transfers, nineteen (19) of such transfers were made to R. Foster within one (1) year of the Petition Date, in the total amount of $276,983 (the "Rayshon One Year Transfers").

70.     Of the Sonja Transfers, two (2) such transfers were made to S. Foster within one year of the Debtor's Petition Date in the aggregate sum of $25,000 ("Sonja One Year Transfers," and together with the Rayshon One Year Transfers, the "One Year Transfers").

71.     The One Year Transfers were transfers of Debtor's property.

72.     Alternatively to the relief requested hereinabove, on information and belief, the Rayshon One Year Transfers and Sonja Transfers, were made to the Fosters on account of antecedent debts owed by the Debtor at a time when the Debtor was deeply insolvent, as reflected by the Debtor's bankruptcy filings, including but not limited to its schedules of assets and liabilities, and the claims filed against the Debtor's bankruptcy estate.

73.     The One Year Transfers enabled the Fosters to, respectively, receive more than they would receive if this case were a case under chapter 7 of 11 U.S.C. sections 701 et seq., the One Year Transfers had not been made, and the Fosters received payment of such debt to the extent provided for by 11 U.S.C. §§ 101 et seq. Specifically, no distribution has been made to Debtor's unsecured creditors, who are facing the prospect of minimal distributions due to the low value of Debtor's mostly fully-encumbered assets. Moreover, R. Foster is the equity interest holder of the Debtor with rights subordinate to those of Debtor's legitimate creditors. Therefore, the One Year Transfers enabled the Fosters to receive more than they otherwise would have had the One Year

Transfers not been made.

## SIXTH CLAIM FOR RELIEF

### (Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)

74.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 73 as though set forth in full.

75.    Based on the foregoing claims for relief and the facts set forth herein, the Transfers are all recoverable by Plaintiff.

76.    The Transfers, including the One Year Transfers and Two-Year Transfers, or the value thereof, are recoverable from the Fosters pursuant to 11 U.S.C. § 550(a). The Advance Transfers are also recoverable from Advance, pursuant to 11 U.S.C. § 550(a).

## SEVENTH CLAIM FOR RELIEF

### (Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)

77.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 76 as though set forth in full.

78.    Defendants have not paid the amount of the Transfers, or any part of them including the One Year Transfers, Two-Year Transfers, nor turned over such property, for which Defendants are liable under 11 U.S.C. §550.

79.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

80.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

\\\

\\\

1    **PRAYER**

2    **WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

3    **ON THE FIRST AND THIRD CLAIMS FOR RELIEF**

4        1.    For judgment avoiding the Transfers.

5    **ON THE SECOND AND FOURTH CLAIMS FOR RELIEF**

6        2.    For judgment avoiding the Two-Year Transfers.

7    **ON THE FIFTH CLAIM FOR RELIEF**

8        3.    For avoidance of the One Year Transfers.

9    **ON THE SIXTH CLAIM FOR RELIEF**

10       4.    For recovery of the Transfers or their value in the form of a money judgment.

11   **ON THE SEVENTH CLAIM FOR RELIEF**

12       5.    Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims

13   held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this

14   action.

15   **ON ALL CLAIMS FOR RELIEF**

16       6.    For interest as permitted by law from the date of the Transfers;

17       7.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

18       8.    For such other and further relief as the Court deems just and proper.

19

20   Dated: October 2, 2023                      **Respectfully submitted by,**

21                                     **GOE FORSYTHE & HODGES LLP**

22

23                                     By: /s/*Robert P. Goe*
                                     Robert P. Goe

24                                        Charity J. Manee
                                     Counsel to Official Committee of

25                                        Unsecured Creditors

26

27

28

# EXHIBIT 1

# EXHIBIT 1

| Date | Amount | Description |
|---|---:|:---:|
| 1/3/2019 | 4,500 | |
| 1/9/2019 | 11,400 | |
| 1/10/2019 | 10,000 | |
| 1/11/2019 | 10,000 | |
| 1/14/2019 | 7,100 | |
| 1/15/2019 | 1,500 | |
| 1/16/2019 | 2,000 | |
| 1/17/2019 | 7,350 | |
| 1/22/2019 | 7,500 | |
| 1/24/2019 | 1,200 | |
| 1/25/2019 | 1,500 | |
| 1/29/2019 | 4,500 | |
| 1/30/2019 | 500 | |
| 1/30/2019 | 500 | |
| 2/1/2019 | 7,000 | check |
| 2/4/2019 | 20,000 | |
| 2/6/2019 | 2,000 | Check to "Porsche Financial" |
| 2/11/2019 | 10,000 | |
| 2/12/2019 | 9,000 | |
| 2/14/2019 | 11,500 | |
| 2/20/2019 | 5,000 | |
| 2/26/2019 | 3,000 | |
| 3/5/2019 | 20,000 | Check |
| 3/8/2019 | 2,000 | check |
| 3/11/2019 | 2,000 | Check to "Porsche Financial Services" |
| 3/12/2019 | 4,000 | |
| 3/14/2019 | 5,000 | |
| 3/15/2019 | 2,000 | |
| 3/19/2019 | 9,800 | |
| 3/21/2019 | 1,500 | |
| 3/27/2019 | 1,500 | |
| 4/3/3019 | 2,000 | Check to "Porsche Payment []" |
| 4/5/2019 | 4,000 | Check |

| | | |
|---|---|---|
| 4/8/2019 | 2,000 | "Porsche Payment []" |
| 4/9/2019 | 10,000 | Check |
| 4/17/2019 | 3500 | check |
| 4/26/2019 | 1300 | Check |
| 4/29/2019 | 3,000 | Teller withdrawal |
| 4/29/2019 | 6,000 | Teller withdrawal |
| 5/1/2019 | 22,000 | Check |
| 5/1/2019 | 1,500 | Check |
| 5/6/2019 | 2,500 | check |
| 5/7/2019 | 3,500 | Check |
| 6/24/2019 | 5,000 | Check |
| 7/3/2019 | 2,200 | Check to "Advance Solutions" |
| 7/3/2019 | 2,500 | Check |
| 7/3/2019 | 3,000 | Check |
| 7/8/2019 | 6,000 | Check |
| 7/12/2019 | 20,000 | Check |
| 7/16/2019 | 1,200 | Check to Advance Solutions |
| 7/18/2019 | 2,500 | Check |
| 7/19/2019 | 4,900 | Check |
| 7/23/2019 | 5,100 | Check to Advance Solutions |
| 7/23/2019 | 2,000 | Check |
| 7/26/2019 | 1,244.18 | Check to "Ben Bridge" |
| 7/31/2019 | 2,000 | Check to "Advance Solutions" |
| 8/1/2019 | 5,000 | Check |
| 8/5/2019 | 6,000 | Check |
| 8/5/2019 | 5,000 | Check to "Advance Solutions" |
| 8/13/2019 | 69,958.72 | Check to "Cash" |
| 8/13/2019 | 2,200 | Check |
| 8/13/2019 | 7,000 | Check |
| 8/14/2019 | 20,000 | check |
| 8/15/2019 | 3,500 | Check |
| 8/19/2019 | 800 | Check to "Advance Solutions" |
| 8/19/2019 | 8,500 | Check |

| | | |
|---|---|---|
| 8/26/2019 | 1,000 | Check to "Mercedes Benz Financial Services" |
| 8/28/2019 | 2,500 | Check to Advance Solutions |
| 8/28/2019 | 5,000 | Check |
| 8/23/2019 | 3,000 | Teller withdrawal |
| 9/3/2019 | 25,000 | Check |
| 9/3/2019 | 7,000 | Check to Advance Solutions |
| 9/4/2019 | 22,000 | check |
| 9/4/2019 | 500 | Check |
| 9/6/2019 | 6,000 | Check |
| 9/5/2019 | 20,000 | Check |
| 9/10/2019 | 5,000 | Check to "Advance Solutions Co" |
| 9/10/2019 | 5,000 | Check |
| 9/12/2019 | 7,500 | Check |
| 9/13/2019 | 5,000 | Check |
| 9/16/2019 | 5,000 | Check |
| 9/16/2019 | 300 | Check |
| 9/17/2019 | 4,000 | Check |
| 9/24/2019 | 2,000 | Check |
| 9/25/2019 | 2,500 | Check |
| 9/30/2019 | 30,000 | Check |
| 9/30/2019 | 7,000 | Check |
| 10/3/2019 | 10,000 | Check |
| 10/15/2019 | 7,200 | Check |
| 10/16/2019 | 4,500 | Check to Advance Solutions |
| 10/16/2019 | 9,500 | check |
| 10/21/2019 | 6,700 | Check |
| 10/22/2019 | 9,500 | Check |
| 10/23/2019 | 2,500 | Advance Solutions |
| 10/28/2019 | 1,000 | Check to Mercedes Benz Financial Services |
| 11/4/2019 | 1,000 | Check |
| 11/5/2019 | 30,000 | Check |
| 11/12/2019 | 5,000 | Check |
| 11/13/2019 | 6,500 | Check |

EXHIBIT "1"

| | | |
|---|---|---|
| 11/14/2019 | 50,000 | Check |
| 11/19/2019 | 2,500 | Check |
| 12/2/2019 | 2,000 | Check |
| 12/2/2019 | 800 | Check  to Advance Solutions |
| 12/6/2019 | 3,000 | Check |
| 12/9/2019 | 3,000 | Check |
| 12/10/2019 | 1,000 | Check |
| 12/11/2019 | 2,500 | Check |
| 12/12/2019 | 2,500 | Check |
| 12/12/2019 | 35,000 | Check |
| 12/16/2019 | 600 | Check |
| 12/16/2019 | 3,000 | Check |
| 12/20/2019 | 6,500 | Check |
| 12/24/2019 | 11,000 | Check |
| 12/30/2019 | $500 | Check to Mercedes Benz FS |
| 12/30/2019 | 1,000 | Check |
| 1/25/2020 | $25,000 | Check |
| 1/13/2020 | $12,500 | Check |
| 1/13/2020 | $33,956.32 | Check to "cash" |
| 1/15/2020 | 400 | check |
| 1/16/2020 | 3,000 | Check |
| 1/21/2020 | 30,000 | check |
| 1/15/2020 | 2,500 | Check |
| 1/27/2020 | 13,500 | Check |
| 1/13/2020 | $1,538 | Check to Montessori school of Chino Hills |
| 2/3/2020 | 23,000 | Check |
| 2/3/2020 | 5,000 | Check |
| 2/7/2020 | 5,000 | Check |
| 2/14/2020 | 13,500 | Check |
| 2/16/2020 | 16,000 | Check |
| 2/24/2020 | 3,000 | Check |
| 2/27/2020 | 25,000 | Check |
| 3/2/2020 | 13,000 | |

| | | |
|---|---|---|
| 3/6/2020 | 1,598 | Check to Montessori School of Chino Hills |
| 3/12/2020 | 5000 | Check |
| 3/13/2020 | 2,000 | Check |
| 3/16/2020 | 4,800 | Check |
| 3/25/2020 | 75,000 | Check |
| 3/27/2020 | 13,000 | Check |
| 3/30/2020 | 5,000 | Check |
| 3/31/2020 | 10,000 | Check |
| 4/1/2020 | 5,000 | check |
| 4/9/2020 | 20,000 | Check |
| 4/21/2020 | 3,000 | Check |
| 4/27/2020 | 8,000 | Check |
| 5/4/2020 | 3,500 | Check |
| 5/11/2020 | 13,500 | check |
| 5/11/2020 | 3,000 | Check |
| 5/15/2020 | 8,500 | Check |
| | | |
| 6/3/2020 | 3,000 | check |
| 6/4/2020 | 32,438.07 | Check (memo says cash?) |
| 6/12/2020 | 15,000 | Check |
| 8/14/2020 | 15,000 | Check |
| 8/17/2020 | 5,000 | Check |
| 9/1/2020 | 2600 | Check |
| 9/1/2020 | 20000 | Check |
| 9/11/2020 | 15,000 | Check |
| 9/14/2020 | 2400 | Check |
| 9/24/2020 | 2000 | Check |
| 10/9/2020 | 1,000 | Check |
| 10/13/2020 | 2,000 | Check |
| 10/14/2020 | 11,000 | Check |
| 10/19/2020 | 3,600 | 2 checks |
| 10/21/2020 | 57,500 | Electronic transfer to "Morgan Stanley" |
| 10/31/2020 | 10,043 | "IRSUSATaxPymt" |

EXHIBIT "1"

| | | |
|---|---|---|
| 11/2/2020 | 2,500 | Check |
| 11/9/2020 | 3,000 | Check |
| 11/16/2020 | 3,000 | Check |
| 11/16/2020 | 6,000 | Check |
| 11/17/2020 | 5,000 | Check |
| 11/23/2020 | 2,000 | Check |
| 12/10/2020 | 11,500 | check |
| 2/16/2021 | 7500 | Check |
| 2/17/2021 | 6500 | Check |
| 2/17/2021 | 110 | Check |
| 2/18/2021 | 7000 | Check |
| 2/25/2021 | 1500 | Check |
| 2/25/2021 | 250 | Check |
| 3/3/202 | 1000 | Check |
| 3/12/2021 | 1500 | check |
| 3/22/2021 | 1000 | Check |
| 3/26/2021 | 600 | check |
| 3/31/2021 | 5000 | Check |
| 4/1/2021 | 15,500.00 | Check |
| 4/13/2021 | 500 | Check |
| 4/13/2021 | 1000 | Check |
| 4/21/2021 | 1000 | Check |
| May 2021? | | |
| 6/4/2021 | 1,500 | check |
| 6/15/2021 | $400.00 | |
| 6/23/2021 | $1,000 | Check |
| 6/29/2021 | $1,000 | Check |
| 7/15/2021 | $350.00 | Check |
| 7/23/2021 | 1,000 | Check (no payee shown) |
| 8/12/2021 | 3,699.42 | Check |
| 8/24/2021 | 1,000 | Check |
| 1/10/2022 | $50,000 | Check |
| 1/21/2022 | $1,000 | Check |

| | | |
|---|---:|:---:|
| 1/28/2022 | $1,000 | Check |
| 2/25/2022 | $20,200 | Check |
| 3/22/2022 | $1,100 | Check 2762 |
| 3/22/2022 | $2,500 | Teller withdrawal |
| 4/8/2022 | $25,000 | Check |
| 4/14/2022 | $2,500 | Teller withdrawal |
| 4/14/2022 | $3,000 | Teller withdrawal |
| 4/26/2022 | $2,000 | Teller withdrawal |
| 5/16/2022 | 2500 | Teller withdrawal |
| 5/27/2022 | 2000 | Teller withdrawal |
| 6/29/2022 | 105,000 | Teller withdrawal |
| 7/7/2022 | $3,000 | Teller withdrawal |
| 8/3/2022 | $1,300 | Check |
| 8/4/2022 | $1,000 | Check |
| 8/17/2022 | $2,500.00 | Check |
| 10/25/2022 | $50,000.00 | Wire |
| 12/29/2022 | $1,382.77 | Wire |
| | $1,789,618.48 | |

# EXHIBIT 2

# EXHIBIT 2

| | | |
|---|---|---|
| 1/2/2019 | 4,750 | Check |
| 1/3/2019 | 5,000 | Check |
| 1/10/2019 | 1550 | Check |
| 1/28/2019 | 900 | |
| 5/3/2019 | 2,600 | Check w/ memo "Car payment" |
| 4/6/2021 | 70966.35 | Check (memo "cashier check") |
| 1/3/2022 | $15,000.00 | Wire |
| 3/22/2022 | $10,000.00 | Wire |

110,766

# EXHIBIT 3

# EXHIBIT 3

| | | |
|---:|---:|:---:|
| 8/2/2022 | $107,000 | Check |
| 8/9/2022 | $52,500 | Check |
| 8/17/2022 | $1,500 | Check |
| 8/19/2022 | $1,500 | Check |

$162,500